PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625-0112
   Attorney for State of New Jersey and Paula T. Dow, Attorney General of New Jersey

By:  Jennifer S. Hsia
     Deputy Attorney General
     (609) 633-8687

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| RICHARD H. KRESS, | : | HON. DICKINSON R. DEBEVOISE U.S.S.D.J. |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | Civ. Action No. 10-915 (DRD-MAS) |
| v. | : | |
| STATE OF NEW JERSEY, ET AL., | : | |
| | : | DECLARATION OF JENNIFER S. HSIA |
| Defendants. | : | |

JENNIFER S. HSIA, of full age, hereby declares:

   1.  I am licensed to practice law in the State of New Jersey and am admitted to practice before the United States District Court, District of New Jersey.  I am employed by the State of New Jersey, Department of Law and Public Safety, as a Deputy Attorney General.  I am assigned to the Corrections and State Police Section of the Division of Law, which provides legal representation to State Police and its employees.

   2.  Attached as Exhibit A is a true and accurate copy of

<u>Model Jury Charge</u>, <u>Criminal</u>, Financial Facilitation of Criminal Activity (Money Laundering) (approved June 15, 2009).

3. The undersigned declares under penalty of perjury that the foregoing is true and correct.

                                                          *s/ Jennifer S. Hsia*
                                                     Jennifer S. Hsia
                                                     Deputy Attorney General

Executed On: January 24, 2011

Exhibit A

Approved 6/15/09

## FINANCIAL FACILITATION OF CRIMINAL ACTIVITY
### [MONEY LAUNDERING]
### (N.J.S.A. 2C:21-25a)

Count _____ of the Indictment charges the defendant with the crime of Financial Facilitation of Criminal Activity. The Statute upon which this count of the Indictment is based reads as follows:

> A person is guilty of a crime if the person transports or possesses property known or which a reasonable person would believe to be derived from criminal activity.

In order for you to find the defendant guilty of this charge, the State must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly transported or possessed property;

2. The defendant knew or a reasonable person would have believed that the property was derived from criminal activity.

The first element the State must prove beyond a reasonable doubt is the defendant knowingly transported or possessed property.

**[If the defendant is not an individual person, charge the following:]**

First, a person means any corporation, unincorporated association or any other entity or enterprise[1] which is capable of holding a legal or beneficial interest in property.[2]

**[Charge in all cases:]**

Property means anything of value [choose appropriate phrases:], including real estate,

---

[1] Charge the definition of an enterprise, if appropriate: an enterprise includes any individual, sole proprietorship, partnership, corporation, business trust, association, or other legal entity, and any union or group of individuals associated in fact, although not a legal entity, and it includes illicit as well as licit enterprises and governmental as well as other entities. N.J.S.A. 2C:20-1q.

[2] N.J.S.A. 2C:21-24.

**FINANCIAL FACILITATION OF CRIMINAL ACTIVITY**
N.J.S.A. 2C:21-25a
Page 2 of 6

tangible and intangible personal property, trade secrets, contract rights, choses in action and other interests in or claims to wealth, admission or transportation tickets, captured or domestic animals, food and drink, electric, gas, steam or other power, financial instruments, information, data and computer software, in either human readable or computer readable form, copies or originals.[3] Property includes any benefit or interest without reduction for expenses incurred for acquisition, maintenance or any other purpose.[4]

To transport means to carry from one place to another.[5]

Possession means a conscious, knowing possession, either actual or constructive.

### [CHARGE THE APPROPRIATE PARAGRAPHS]

### Actual Possession

A person is in actual possession of an item when he/she first, knows what it is: that is, he/she has knowledge of its character, and second, knowingly has it on his/her person at a given time.

### Constructive Possession

Possession may be constructive instead of actual. As I just stated, a person who, with knowledge of its character, knowingly has direct physical control over an item at a given time is in actual possession of it.

Constructive possession means possession in which the possessor does not physically have the item on his or her person but is aware that the item is present and is able to exercise intentional

---

[3] N.J.S.A. 2C:20-1g.

[4] N.J.S.A. 2C:21-24.

[5] Webster's New World New College Dictionary, Fourth Edition (2005).

Case 2:10-cv-00915-DRD -MAS   Document 103-4   Filed 01/24/11   Page 6 of 9 PageID: 1459

**FINANCIAL FACILITATION OF CRIMINAL ACTIVITY**
<u>N.J.S.A.</u> 2C:21-25a
Page 3 of 6

control or dominion over it. So, someone who has knowledge of the character of an item and knowingly has both the power and the intention at a given time to exercise control over it, either directly or through another person or persons, is then in constructive possession of that item.

### Joint Possession

Possession may be sole or joint. If one person alone has actual or constructive possession of an item, possession is sole. If two or more persons share actual or constructive possession of an item, possession is joint.

### [Charge in all cases:]

A person acts knowingly with respect to the nature of his/her conduct of the attendant circumstances if he/she is aware that his/her conduct is of that nature, or that such circumstances exist, or he/she is aware of the high probability of their existence. A person acts knowingly as to a result of his/her conduct if he/she is aware that it is practically certain that that conduct will cause such a result. Knowing, with knowledge, or equivalent terms have the same meaning.

Knowledge is a condition of the mind. It cannot be seen. It can only be determined by inferences from conduct, words or acts. Therefore, it is not necessary for the State to produce witnesses to testify that a particular defendant stated, for example, that he/she acted with knowledge when he/she had dominion and control over a particular thing. It is within your power to find that proof of knowledge has been furnished beyond a reasonable doubt by inference which may arise from the nature of the acts and the surrounding circumstances.

The second element the State must prove beyond a reasonable doubt is that the defendant knew or a reasonable person would have believed the property transported or possessed was derived

**FINANCIAL FACILITATION OF CRIMINAL ACTIVITY**
N.J.S.A. 2C:21-25a
Page 4 of 6

from criminal activity.

The term "derived from" means obtained directly or indirectly from, maintained by or realized through.[6]

For the purposes of this section, property is known to be derived from criminal activity if the person knows that the property involved represents proceeds from some form, though not necessarily which form, of criminal activity.[7]

You may infer that the defendant had this requisite knowledge if you find the following:

(1) the property is transported or possessed in a fashion inconsistent with the ordinary or usual means of transportation or possession of such property; and

(2) the property is discovered in the absence of any documentation or other indicia of legitimate origin or right to such property.[8]

An inference is a deduction of fact that may be drawn logically and reasonably from another fact or group of facts established by the evidence. Whether or not an inference should be drawn is for you to decide using your own common sense, knowledge and everyday experience. Ask yourselves is it probable, logical and reasonable. However, you are never required or compelled to draw an inference. You alone decide whether the facts and circumstances shown by the evidence support an inference and you are always free to draw or not to draw an inference. If you draw an inference, you should weigh it in connection with all the other evidence in the case, keeping in mind

---

[6] N.J.S.A. 2C:21-24.

[7] N.J.S.A. 2C:21-25d. See also State v. Harris, 373 N.J. Super. 253, 264, 265 (App. Div. 2004), certif. denied, 183 N.J. 257 (2005).

[8] N.J.S.A. 2C:21-26.

**FINANCIAL FACILITATION OF CRIMINAL ACTIVITY**
N.J.S.A. 2C:21-25a
Page 5 of 6

that the burden of proof is upon the State to prove all the elements of the crime beyond a reasonable doubt.[9]

If you find that the State has proven beyond a reasonable doubt each of these elements, then you must find the defendant guilty. If, on the other hand, you find that the State has failed to prove any one of these elements beyond a reasonable doubt, then you must find the defendant not guilty.

The State must prove the amount of the property involved beyond a reasonable doubt. If you found the State has proven all the elements of the offense(s) charged beyond a reasonable doubt, then you must indicate whether you find that the State has proven the amount of the property involved beyond a reasonable doubt

[choose appropriate:]

1) is $500,000.00 or more;

2) is at least $75,000.00 but less than $500,000.00;

3) is less than $75,000.00.[10]

The State must prove beyond a reasonable doubt that the property involved has some value.

As I indicated to you previously, property means anything of value [choose appropriate phrases:], including real estate, tangible and intangible personal property, trade secrets, contract

---

[9] Presumably, the model charge entitled "Circumstantial Evidence" concerning direct and circumstantial evidence should have already been charged.

[10] N.J.S.A. 2C:21-27a. The jury should mark its selection on the verdict sheet. It is unclear how the State is to proceed in the situation where the State is seeking to impose an anti-money laundering profiteering penalty pursuant to N.J.S.A. 2C:21-27.2b & c; i.e., whether the jury has to determine the value of property involved in order for the State to seek a penalty equal to three times that value given the factors to be considered pursuant to N.J.S.A. 2C:21-27.2c. For the penalty pursuant to N.J.S.A. 2C:21-27.2a, the jury will have decided the degree of the crime by its verdict

FINANCIAL FACILITATION OF CRIMINAL ACTIVITY
N.J.S.A. 2C:21-25a
Page 6 of 6

rights, choses in action and other interests in or claims to wealth, admission or transportation tickets, captured or domestic animals, food and drink, electric, gas, steam or other power, financial instruments, information, data and computer software, in either human readable or computer readable form, copies or originals.[11] Property includes any benefit or interest without reduction for expenses incurred for acquisition, maintenance or any other purpose.[12]

Value means the fair market value of the property at the time and place of the alleged operative act.[13] Fair market value is the price that a buyer would be willing to pay and a seller would be willing to accept if both parties were aware of all the relevant surrounding circumstances and neither party were under any compulsion to buy or sell.

The State has the burden of proving the fair market value of the property involved. This means the State must prove beyond a reasonable doubt that the property is worth what the State claims it to be.

Amounts involved in transactions conducted pursuant to one scheme or course of conduct may be aggregated in determining the amount involved.[14]

---

with regard to categories listed above.

[11]   N.J.S.A. 2C:20-1g.

[12]   N.J.S.A. 2C:21-24.

[13]   N.J.S.A. 2C:1-14m.

[14]   N.J.S.A. 2C:21-27a.